IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 13-cv-1672-WJM-KLM

ANDREA SMITH,

      Plaintiff,

v.

T.W. CLYDE, O.D., P.C., d/b/a PIKES PEAK EYE CARE,

      Defendant.

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* AND DENYING DEFENDANT'S MOTION *IN LIMINE*

---

Plaintiff Andrea Smith ("Plaintiff") brings this action against her former employer, Tom W. Clyde, O.D., P.C., doing business as Pikes Peak Eye Care ("Defendant"), for discrimination based on sex in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*  (ECF No. 1.)  This matter is set for a four-day jury trial commencing on Monday, April 6, 2015, with the Final Trial Preparation Conference set for March 20, 2015.  (ECF No. 40.)  This matter is before the Court on the parties' Motions *in Limine* ("Motions").  (ECF Nos. 46 & 49.)  For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part, and Defendant's Motion is denied in its entirety.

## I.  ANALYSIS

The parties' Motions seek evidentiary rulings on the following evidence prior to trial: (1) Plaintiff's 2003 convictions for felony drug possession, theft, and criminal impersonation; (2) additional evidence to prove stipulated facts, beyond the stated facts

contained in the Final Pretrial Order; (3) the testimony of Lana Zaller and Keith Sanchez; (4) evidence of Plaintiff's use of Facebook; (5) the testimony of Laura Haynes; and (6) evidence of Plaintiff's list of prescription medications.  (ECF Nos. 46 & 49.)  The Court will discuss each category of evidence in turn.

## A.    Plaintiff's Prior Convictions

Both parties' Motions seek a ruling as to Plaintiff's convictions for felony drug possession, theft, and criminal impersonation; Plaintiff moves to exclude such evidence under Federal Rule of Evidence 609(b), while Defendant moves to allow its introduction under the same rule.  (ECF Nos. 46 at 2-5; 49 at 2-3.)

Federal Rule of Evidence 609 governs when and how a witness's prior conviction may be used at trial:

> (a) **In General.**  The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> > (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> >
> > > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> > >
> > > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
> >
> > (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.

(b) **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Because the standard is vastly different, the Court must first determine whether Rule 609(a) or (b) applies here.

In 2003, Plaintiff was convicted of felony drug possession, criminal impersonation, and theft under Colorado Revised Statutes §§ 18-18-405, 18-5-113, and 18-4-401. (ECF No. 46 at 3.) Plaintiff was sentenced to a Diversion Residential Status Program, and was placed in "Non-Residential Status" on February 26, 2004. (*Id.*) Accordingly, Plaintiff was "release[d] from confinement" on February 26, 2004. Fed. R. Evid. 609(b).

Defendant argues that Rule 609(a) applies because this action was filed on June 25, 2013, less than ten years after Plaintiff was released. (ECF No. 49 at 2.) However, Defendant again cites no support for its argument that the Court should consider the date this case was filed rather than the date on which Plaintiff will testify. As this Court held in a prior case:

Rule 609 applies to all witnesses, not just parties to an action. Therefore, it would make no sense for the rule to be dictated by when an action is brought rather than the date on which a witness is to testify. Most courts that have addressed this issue have considered the ten-year time

3

> period to run from the date on which the witness begins testifying. *See, e.g.*, *United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992) (considering a conviction that occurred ten years and four days before the witness testified and ruling that Rule 609(b) applied); 28 Wright & Gold, Federal Practice & Procedure § 6136 (2012) (noting that "the only approach that makes sense from a policy standpoint" is to calculate ten years from the date the witness begins testifying).

*Rucinski v. Torian Plum Condominium Owners Ass'n*, No. 08-cv-2798 (D. Colo. Jan. 3, 2013). Trial in this matter is not set to commence until April 6, 2015, more than 11 years after Plaintiff's release from confinement. Accordingly, the Court finds that Rule 609(b) applies to the convictions at issue here.

Rule 609(b) requires that the conviction be significantly more probative than prejudicial and that the opposing party provide notice of its intent to use a prior conviction. Here, the parties do not dispute that Defendant gave Plaintiff adequate notice of his intent to use the prior conviction. (ECF No. 45.) Thus, the Court must determine whether the probative value of Plaintiff's prior convictions substantially outweighs the prejudicial effect of their admission. Fed. R. Evid. 609(b)(1). The Tenth Circuit has not explicitly outlined any factors for the Court to consider in making this assessment. However, a number of other courts have held that the Court should consider: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the acts at issue; (4) the importance of the witness's testimony; and (5) the centrality of the credibility issue. *See, e.g.*, *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990).

First, the Court notes that Defendant has made no effort whatsoever to establish

4

any probative value of Plaintiff's felony drug conviction, instead focusing solely on the convictions for criminal impersonation and theft.  (*See* ECF Nos. 48 at 1-2; 49 at 2.) Accordingly, the Court concludes that Rule 609(b) excludes evidence of the drug conviction.

As for Plaintiff's convictions for criminal impersonation and theft, the Court has considered the arguments of the parties and finds that, while it is a close question, these factors ultimately weigh against allowing admission of this evidence.  The Court agrees with Defendant that Plaintiff's credibility is central to the issues in this case, as Defendant contends that his reason for terminating her was due to her dishonesty and "theft" of pay for hours she allegedly did not work, and that Plaintiff's testimony is important to the case.  (*See* ECF No. 48 at 2.)  Thus, the Court finds that these convictions have significant impeachment value, the importance of the testimony is great, and credibility is a central issue.

However, the Court also recognizes that that one of the purposes of Rule 609(b) is to recognize an individual's ability to rehabilitate herself.  *See Mitchell v. Sun Drilling Prods.*, 1996 WL 411613, *2 (E.D. La. July 22, 1996).  With respect to a conviction more than ten years old, the general rule is one of inadmissibility.  *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014) (Rule 609(b) balancing test creates "predisposition toward exclusion")*; United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979) (citing Fed. R. Evid. 609(b) advisory committee's note ("It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.")).  "Congress intended that trial courts be extremely cautious in

5

admitting evidence of remote convictions." *United States v. Bibbs*, 564 F.2d 1165, 1170 (5th Cir. 1977).  These convictions occurred approximately 12 years ago, and although Defendant alleges that Plaintiff was recently charged with assault, harassment and child abuse with no injury, Defendant has not presented evidence of any subsequent convictions or charges involving untruthfulness, the basis for his arguments here.  (*See* ECF No. 48 at 2.)  Furthermore, because dishonesty is a common thread between the challenged convictions and Defendant's allegations of Plaintiff's workplace misconduct, the risk of severe prejudice is proportionately greater.  *See Caldwell*, 760 F.3d at 286-87 ("With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried. . . .  The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.") (internal quotation marks omitted).

        In considering all the factors, the Court finds that while Defendant has established that Plaintiff's convictions for impersonation and theft have probative value, he has not shown that such value substantially outweighs the seriously prejudicial effect of this evidence.  Fed. R. Evid. 609(b).  Therefore, the Court concludes that this is not one of the exceptional cases in which a conviction more than ten years old is admissible, and the Court grants Plaintiff's Motion and denies Defendant's Motion with respect to the evidence of Plaintiff's 2003 convictions.

**B.      Stipulated Facts**

Plaintiff moves to exclude any additional evidence to prove the stipulated facts to which the parties agreed in the Final Pretrial Order.  (ECF No. 46 at 6-7 (citing (ECF No. 39).)  Defendant agrees that he would not object to the Court instructing the jury as to these facts, and that he "defers to this court's preference."  (ECF No. 48 at 3.)

It is this Court's practice to instruct the jury on the parties' stipulated facts at both the beginning and end of trial.  As Defendant has agreed that he need not present additional evidence of the stipulated facts if the jury is so instructed, the Court finds that there is no need for any order as to the admissibility of such additional evidence.  Accordingly, Plaintiff's Motion is denied as moot as to any additional evidence of the stipulated facts.

**C.      Testimony of Lana Zaller and Keith Sanchez**

Plaintiff moves to exclude the testimony of two witnesses, Lana Zaller and Keith Sanchez, under Federal Rule of Evidence 403.  (ECF No. 46 at 7-8.)  Plaintiff argues that their testimony on the issue of Plaintiff's use of Facebook and her alleged failure to clock in and out is only marginally probative, and is needlessly cumulative and a waste of time because two other witnesses will similarly testify.  (*Id.*)

Defendant responds that he intends only to call Ms. Zaller and Mr. Sanchez for thirty minutes each, and cites additional reasons why each witness's testimony would be probative.  (ECF No. 48 at 3-4.)  Defendant argues that Mr. Sanchez is a good friend of Plaintiff's former husband and has known Plaintiff since high school, lending him additional credibility in testifying against Plaintiff, and that Ms. Zaller will testify to her

personal observations of Plaintiff using inappropriate language on the job and leaving

work without clocking out.  (*Id.*)  Thus, Defendant has indicated that both witnesses will

provide evidence that is not purely cumulative of other witnesses' testimony.

Although Plaintiff argues that the testimony of Ms. Zaller and Mr. Sanchez may

be repetitious and cumulative to some degree, Plaintiff has not shown that the probative

value of their testimony is "substantially outweighed by a danger of . . . needlessly

presenting cumulative evidence."  Fed. R. Evid. 403.  Accordingly, the Court finds that

Plaintiff has not shown that Ms. Zaller's and Mr. Sanchez's testimony is inadmissible

under Rule 403, and Plaintiff's Motion is denied as to this evidence.

**D.     Facebook Use**

Plaintiff moves to exclude any evidence of her alleged inappropriate use of

Facebook on the job, arguing that it is irrelevant under Rule 401 and inadmissible under

Rule 403 because it risks confusing the issues and misleading the jury.  (ECF No. 46 at

8.)  Plaintiff states that Defendant testified in his deposition that he fired Plaintiff for

"stealing" time and lying about it, not for using Facebook.  (*Id.*)  Defendant does not

dispute this, but notes that shortly before discharging Plaintiff, Defendant discovered

that Plaintiff was using Facebook while clocked in despite claiming to be clocked out.

(ECF No. 48 at 4.)  Because of the similarity between Plaintiff's alleged use of

Facebook on the clock and her alleged "theft" of time by leaving early and failing to

clock out, Defendant argues that this evidence is both relevant and probative.  (*Id.*)

Evidence is relevant if it has "any tendency to make a fact more or less probable

that it would be without the evidence[,] and the fact is of consequence in determining

the action." Fed. R. Evid. 401.  The Court concludes that the evidence of Plaintiff's Facebook use is relevant.  Plaintiff makes no effort to explain how this evidence would confuse and mislead the jury, instead asserting in a conclusory manner that it should be excluded under Rule 403.  The Court finds that Plaintiff has failed to show that the probative value of this evidence is substantially outweighed by the dangers of confusion and misleading the jury.  Accordingly, the evidence of Plaintiff's Facebook use is not inadmissible, and Plaintiff's Motion is denied as to this evidence.

**E.    Testimony of Laura Haynes**

Defendant moves to preclude the testimony of Laura Haynes, an attorney who has an attorney-client relationship with Plaintiff.  (ECF No. 49 at 3-6.)  Defendant argues that Ms. Haynes's involvement in this action as Plaintiff's advocate makes her testimony inappropriate under the Colorado Rules of Professional Conduct ("RPC"), and such attorney testimony has been discouraged by both the U.S. Supreme Court and the Colorado Supreme Court.  (*Id.*)  Plaintiff does not dispute that Ms. Haynes assisted Plaintiff with her case, but points out that Ms. Haynes is not Plaintiff's attorney of record, she has not entered an appearance, and she will not act as an advocate at trial.  (ECF No. 51 at 4.)

The Court is not persuaded by Defendant's citation to *Hickman v. Taylor*, 329 U.S. 495, 513 (1947), as the cited portion of that case dealt with the question of whether an attorney should be required to produce documents memorializing his recollection of what witnesses had told him, not whether an attorney may serve as a fact witness and advocate in the same case.  However, Defendant's citations to

*Williams v. District Court*, 700 P.2d 549, 553 (Colo. 1985) and RPC 3.7 are more on point, and merit further discussion.

In *Williams*, the Colorado Supreme Court noted its concern that an attorney who acts as both advocate and witness in the same proceeding is "an obviously interested witness who on that account is subject to impeachment, and, of equal importance, the lawyer is placed in the unseemly position of arguing his own credibility to the jury." 700 P.2d at 553. The latter concern is aimed at avoiding the conflict that arises for an attorney-witness who is trying the case, which does not apply here because Ms. Haynes will not serve as trial counsel. As for the former concern, the Court agrees that it is preferable to avoid testimony of "an obviously interested witness." *Id.* However, the strong fodder for impeachment resulting from such bias is not a basis for inadmissibility, but rather for vigorous cross-examination and/or impeachment by Defendant. While it may be ill-advised for Plaintiff to call a witness with such obvious potential bias, that does not make the testimony inadmissible.

Finally, RPC 3.7 prohibits a lawyer from "act[ing] as advocate at a trial in which the lawyer is likely to be a necessary witness unless . . . disqualification of the lawyer would work substantial hardship on the client." The prohibition of RPC 3.7 reflects the danger of misleading or confusing the jury due to the merging of the roles of attorney and witness: "A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." Colo. R. Prof. Conduct 3.7 (2012), comment (2).

Defendant contends that, because Ms. Haynes remains co-counsel for Plaintiff,

10

she is an advocate and cannot testify under RPC 3.7.  (ECF No. 49 at 4-5.)  However,

Defendant does not dispute that Ms. Haynes has not entered an appearance and will

not be trial counsel.  (*Id.* at 5.)  Because Ms. Haynes will not "act as advocate at . . .

trial," the jury will not be misled or confused as to whether her testimony is rooted in

personal knowledge or in legal analysis.[1]  Notably, RPC 3.7(b) states that it does not

preclude one attorney from acting as an advocate in a trial where another attorney from

the same firm will be called as a witness.  Ms. Haynes's role as co-counsel is similar to

the role of an attorney-witness from the same firm as trial counsel, and the

permissibility of her testimony is supported by the same rationale as RPC 3.7(b).  *See*

Colo. R. Prof. Conduct 3.7 (2012), comment (5) (noting that "the tribunal is not likely to

be misled when a lawyer acts as advocate in a trial in which another lawyer in the

lawyer's firm will testify").  Thus, the Court finds that because Ms. Haynes will not serve

as counsel at trial, RPC 3.7 does not apply to preclude her testimony.

As Defendant has not presented any basis on which to preclude Ms. Haynes's

testimony, Defendant's Motion is denied as to that evidence.

## F.    Plaintiff's Medication List

Defendant seeks an order permitting him to cross-examine Plaintiff about the list

of medications she took both before and after her termination.  (ECF No. 49 at 6-7.)

However, as Plaintiff points out, she has indicated that she will not introduce her list of

prescription medications, nor will she introduce her use of such medications in support

of her claim for emotional distress damages.  (ECF No. 51 at 3.)  The Court cannot

---

[1] Indeed, should Ms. Haynes testify outside the scope of her personal knowledge, her testimony is arguably excludable as undisclosed expert testimony.

make a preliminary ruling as to whether this evidence is admissible on cross-examination when the witness has not yet testified on direct examination.  Accordingly, the Court denies Defendant's Motion as to the evidence of Plaintiff's medications, without prejudice to reasserting this argument at trial should it become appropriate.

## II.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1.    Defendant's Motion *in Limine* (ECF No. 49) is DENIED;

2.    Plaintiff's Motion *in Limine* (ECF No. 46) is GRANTED IN PART and DENIED IN PART as described herein; and

3.    Evidence of Plaintiff's 2003 convictions will be inadmissible at trial.

Dated this 12th day of March, 2015.

BY THE COURT:

William J. Martinez
United States District Judge